JAMES W. DOBSON *et al.* v. FREDERICK SHOUP.

No. 68.

1. HOMESTEAD — *When Exemption Attaches.* A purchaser of an 80-acre tract of farming land, with a view of occupancy within a reasonable time, receives from the time of the purchase a homestead exemption from seizure upon execution or attachment. (*Monroe v. May*, 9 Kan. 466.)

2. ———— *Wife Never a Resident of Kansas.* Where a purchaser of an 80-acre tract of farming land at the time of the purchase has a family consisting of himself and wife, and his wife is residing in a foreign state and has never been in Kansas, and her coming to Kansas to reside depends upon uncertain contingencies, and the owner of the land moves upon it himself, claiming the same as exempt from sale under execution as the homestead of himself and family, *held*, that the homestead exemption does not attach until the lands are occupied by the family of the owner.

3. ———— *Occupation, Actual or Constructive, Necessary.* Occupation by the family of the owner, either actual or constructive, is essential to give the character of a homestead to a tract of land claimed as exempt from sale under execution.

MEMORANDUM.—Error from Barber district court; G. W. McKAY, judge. Action by Frederick Shoup against James W. Dobson and George W. Stevens, to enjoin a judicial sale. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein was filed February 6, 1896.

The statement of the case, as made by JOHNSON, P. J., is as follows:

This suit was commenced in the district court of Barber county on the 6th day of March, 1891, by Frederick Shoup against James W. Dobson and George W. Stevens to enjoin them from selling the north half of the northeast quarter of section 29, township 34, range 11 west, in Barber county, under execution. James W. Dobson was sheriff of said county, and, by virtue of his office, had levied an execution upon this tract of land, issued on a judgment which had theretofore been rendered in the district court of Barber county against Frederick Shoup and in favor of George W. Stevens, and was proceeding to advertise and sell the same under said execution. Upon filing of the petition, verified, the judge of the district court granted a temporary restraining order, enjoining the defendants from proceeding further under said execution. The plaintiff below filed the following verified petition (omitting caption):

"The plaintiff, Frederick Shoup, complains of the defendants, and says that he is a resident of the county of Barber and state of Kansas; that heretofore, to wit, on the —— day of ——, 1890, he purchased the following-described real estate in Barber county, Kansas, to wit: The north half of the northeast quarter, section 29, township 34, range 11, for the sole purpose and with the sole intention of occupying the same, together with his family, as a residence for himself and family. Plaintiff avers that he was unable to occupy the same as a residence until some time during the latter part of February, 1891, from which said time he has occupied the same as his homestead, and as a residence for himself and family, and expects to continue to occupy the same as a residence for himself and family; and plaintiff further avers, that he is the owner of no other real estate, and has no other home except the

above-described premises, which he purchased for a home for himself and family. Plaintiff further avers, that on the 13th day of February, 1891, the defendant James W. Dobson levied upon said above-described real estate, under and by virtue of an execution issued out of the district court of Barber county, Kansas, in favor of the defendant George W. Stevens ; and plaintiff further avers, that on the 6th day of March, 1891, he notified the said sheriff, James W. Dobson, in writing, that he claims and did claim the above-described real estate as his homestead. Plaintiff further avers, that the said sheriff has advertised said property for sale, and threatens to sell the same under and by virtue of said execution as aforesaid, and, unless restrained and enjoined from selling the same, will so do.

"Wherefore plaintiff prays judgment that said sheriff may be perpetually enjoined from selling his said homestead, and that the said defendants be restrained from selling said described real estate during the pendency of this action, and for all other and proper relief in the premises."

To this petition the defendants below, on the 6th day of May, 1891, demurred, for the following reasons, to wit: (1) That the said petition does not state facts sufficient to constitute a cause of action against them and in favor of the plaintiff; (2) that there is a defect of parties plaintiff in this action; (3) that there is a defect of parties defendant in this action.

The demurrer was overruled by the court, and defendants below duly excepted. Afterward defendants below filed their verified answer, in words and figures as follows (omitting caption):

"And now come the defendants, James W. Dobson and George W. Stevens, and for their joint answer to the plaintiff's petition filed herein against them allege: (1) That they deny that the plaintiff purchased the north half of the northeast quarter of section 29, township 34, of range 11 west, in Barber county, Kan-

sas, with the sole intention of occupying it as a homestead and residence for his family and himself. (2) These defendants deny that the plaintff ever occupied or intended to occupy the said tract of land as a residence for himself and family prior to the levy of the execution by the sheriff, James W. Dobson, on the judgment of his codefendant in this action, as set forth and averred by the plaintiff in his petition. (3) These defendants deny that the real estate described in the plaintiff's petition is now or ever has been the plaintiff's homestead, or that he has ever occupied it as such. Therefore these defendants pray that the plaintiff's injunction be dissolved, and that they be allowed damages against the defendant for the sum of $200 and a reasonable attorney's fee of $100, and all other and proper relief."

Upon the petition of plaintiff and answer of the defendants the case was tried by the court without a jury, and upon the final hearing in said case the injunction was made perpetual. The defendants excepted, filed a motion for new trial, which was overruled, and exceptions taken to the ruling, and made a case and brought it to this court for review.

*G. M. Martin*, for plaintiffs in error; *T. A. McNeal*, of counsel.

The opinion of the court was delivered by

JOHNSON, P. J.: This suit was commenced in the district court of Barber county to enjoin the sheriff of that county from selling a tract of land containing 80 acres, which he had taken under execution and was proceeding to advertise and sell on an execution issued by the clerk of the district court on a judgment theretofore rendered in said court. On filing the petition, duly verified, the judge of the district court, at chambers, made an order granting the

plaintiff below a temporary restraining order, enjoining the sheriff and the execution creditor from proceeding further under said execution. To the petition of the plaintiff below the defendants filed a general demurrer, which was overruled by the court and excepted to by the defendants below, and this ruling of the court is the first error complained of in this court.

The plaintiff's petition alleges that he is a resident of the county of Barber and state of Kansas, and that in 1890 he purchased the land described in his petition for the sole purpose and with the sole intention of occupying the same, together with his family, as a residence for himself and family, and that he was unable to occupy the same as a residence until some time during the latter part of February, 1891, from which said time he has occupied the same as his homestead and as a residence for himself and family, and expects to continue to occupy the same as a residence for himself and family; and further alleges, that on the 13th day of February, 1891, J. W. Dobson levied upon said tract of land under and by virtue of an execution issued out of the district court of Barber county, Kansas, in favor of George W. Stevens, as plaintiff, and that on the 6th day of March, 1891, he notified the sheriff, in writing, that he claims and did claim the said land as his homestead.

The contention of the plaintiffs in error is that this petition does not state facts sufficient to entitle the plaintiff below to the relief sought by this suit; that it does not contain such clear and concise statements of fact as to show that plaintiff below was entitled to have this tract of land protected against the levy and sale under execution; that it does not show that the land was the homestead of Frederick Shoup. Section 9 of article 15 of the constitution of Kansas reads:

" A homestead to the extent of 160 acres of farming

land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of the husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon : *Provided*, The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife."

The code of civil procedure requires the plaintiff in his petition to state the facts constituting his cause of action in ordinary and concise language, without repetition.    Now, does this petition contain a statement of such facts, all being admitted as true, as would entitle him to the relief sought by this suit?    Does the petition state such facts as show this land to be the homestead of the plaintiff below?    We do not think it does.    It does not state that the plaintiff and his family were occupying this land at the time the levy of execution was made, nor does it state that the plaintiff and his family have since at any time occupied this land as a homestead or residence.    He alleges that he has occupied the same as his homestead and as a residence for himself and family, but there is no statement that he and his family are in the occupancy of this land as their homestead; but that he occupies it for himself and family.    This is not equivalent to an allegation that the land is occupied by the family of the plaintiff below.    The petition should be liberally construed for the purpose of determining its effect, and construed with a view of substantial justice between the parties; but in the liberal construction of the petition we are not authorized

to interpolate therein necessary averments intention-ally omitted by the pleader so as to give force and effect thereto. It is the allegations contained in the pleading itself that should receive the liberal construction, in view of the substantial rights of the parties. The petition itself should contain all the necessary averments to show that he is entitled to the relief demanded. It is necessary, to constitute a quarter-section of land as the homestead of the owner, that it be occupied by the owner and his family, and, where a party seeks to protect his homestead against a sale on execution or other process in a court of equity, to set up all the necessary facts that go to constitute the land the homestead. The petition alleges that the plaintiff purchased the land for the sole purpose and with the sole intention of occupying the same, together with his family, as a residence for himself and family, and avers that he was unable to occupy the same as a residence until some time during the latter part of February, 1891. There is no statement anywhere in the petition of the facts showing any reason why he could not occupy this land with his family, nor is there any allegation in the petition that his family at any time was residing in the state of Kansas, or residing with the plaintiff. The petition failing to contain the necessary allegations to show that this land was his homestead, it failed to state a cause of action in his favor, or to entitle him to the relief sought by this action. The demurrer was improperly overruled.

The final contention of the plaintiffs in error is, that the evidence on the trial of this case was not sufficient to prove a cause of action in favor of the plaintiff below, or to entitle him to a perpetual injunction against the enforcement of the execution by a sale of the land levied on. We have examined the evidence

contained in the record carefully, and do not think it proves that the plaintiff below was entitled to the strong protecting arm of a court of equity to protect the land as a homestead. The evidence shows that plaintiff was a married man; that he had himself resided in Barber county, Kansas, for about two years; that he came to Kansas on a visit, intending to go on to the territory south of Kansas in search of a claim; that the opening up of that country had been delayed much longer than he anticipated, and that he concluded to make his home in Kansas; that his children were all married, and his family consisted only of himself and wife, and that his wife resided in the state of Pennsylvania and had never been in Kansas; that she was living in Pennsylvania taking care of an invalid sister of hers in that state, and her coming to Kansas depended upon certain contingencies as to whether she could make suitable arrangements for the care and maintenance of this invalid sister, who was the owner of real property in Pennsylvania; that plaintiff's wife would remain in Pennsylvania until such time as she could make suitable arrangements for the care of the sister, and, also, until such time as a distribution of her property could be made among those entitled to distribution. The plaintiff moved upon this land about the 1st day of March, 1891, and execution was levied on the same about the 13th day of February. Plaintiff testified that he purchased this land in 1890 with the intention of making it his homestead, thinking that his wife would at some time in the future be able to make arrangements to leave Pennsylvania and come to Kansas to live with him on this land. In his cross-examination he testified as follows:

"Ques. Did n't you tell the sheriff when he went

to make this levy that you expected your daughter and son-in-law to live there?   Ans. Yes, sir.

"Q. At that time you did not expect to use it for a homestead for you and your wife?   A. My daughter and son-in-law were to come first, and my wife was to come after; would perhaps make arrangements to come with them.

"Q. Were you all to live there on this homestead? A. That is the arrangement that I wanted to make, and which I am about making.

"Q. And when you purchased the place you supposed your son-in-law and your daughter would occupy the place first, and afterward, if your wife come, they would occupy it with you?   A. Yes, sir.

"Q. And that was your arrangement and your idea when you purchased it?   A. Well, the daughter — I had made arrangements for the daughter to come first; they wanted to come, and they made the arrangements, but sickness in the family prevented them from coming; they may come.

"Q. They have not come yet?   A. No, sir; I cannot tell when they will be ready to come.

"Q. Or you cannot tell when your wife will be ready to come?   A. No, sir; they may have the arrangements made, and it may take much more time in completing the arrangements for keeping this invalid sister, on account of the real estate and the distribution of it, if she was to be kept in the county institute.

"Q. It is a question then as to what she will do with the invalid sister whether your wife will come or not?   A. Yes, sir; of course, she will come as soon as she can dispose of that."

The evidence did not show that the plaintiff had ever been in the occupancy of this land before the lien of the judgment and the levy of the execution attached. If the plaintiff had purchased this land in good faith for the purpose of a homestead for himself and family, and with the intention of occupying the same by himself and his family within a reasonable time, and

he and his family were then in a condition to take possession thereof within a short time after the purchase, and were citizens of the state, and thereafter made all necessary arrangements to occupy the same, and had been prevented therefrom by some unavoidable circumstance, the homestead right might have attached; but where his family reside in a foreign state, and who have not made arrangements to come to this state to make it their home, and their coming depends upon the happening of certain contingencies which may, or may not occur, no homestead right in real estate can attach under the constitution. The constitution prescribes that the property must be occupied by the family of the owner thereof. Under the homestead-exemption laws, no person can hold real estate exempt from execution sale unless the property is occupied as a residence by the family of the owner. (*Farlin v. Sook*, 26 Kan. 397; *Koons v. Rittenhause*, 28 id. 359; *Hiatt v. Bullene*, 20 id. 557.)

There being a clear omission of any evidence whatever on the trial of this case to impart the homestead qualities to this land, the judgment of the court should have been for the defendants below for costs of suit, and the temporary injunction should have been set aside.

The judgment of the district court is reversed, and the case remanded, with direction to set aside the injunction herein and render judgment against plaintiff below for costs of suit.

All the Judges concurring.